UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM E. VALENTINE, III | ) | CASE NO.  5:08cv993 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| TED STRICTLAND, et al. | ) | **MEMORANDUM OF** |
| | ) | **OPINION AND ORDER** |
| Defendant. | ) | |

On April 17, 2008, pro se plaintiff William E. Valentine ("Plaintiff") filed this action

under 42 U.S.C. § 1983 against Ohio Governor Ted Strickland, Ohio Bureau of Identification

and Investigation employee Steven Raubenolt, Summit County Sheriff Drew Alexander, and

Ohio Adult Parole Authority Chairman Gary Croft (together "Defendants").  In the Complaint,

Plaintiff alleges that Defendants violated his constitutional rights by signing and implementing

Ohio's version of the Adam Walsh Act.  He seeks monetary, declaratory and injunctive relief.

Plaintiff also filed an Application to Proceed *in forma pauperis*.  That application is granted.

I.      **Background**

Plaintiff is a convicted sex offender.  He completed his prison sentence and currently

resides in Summit County, Ohio, having received his final release from parole in 2005.  Under

Ohio's version of Megan's Law (H.B. 180), Plaintiff was classified as a "sexually oriented

offender," and, by operation of law, was required to register his address with the Summit County

Sheriff.    This  registration  requirement  is  the  least  restrictive  form,  and  requires  annual

registration with the county sheriff for a period of ten years without any community notification.

On July 1, 2007, Ohio enacted its version of the Adam Walsh Act (S.B. 10) ("AWA"),

which became effective January 1, 2008.  Ohio Rev. Code ("ORC") § 2950, *et seq.*  Under the

AWA, Plaintiff was reclassified as a "Tier III Sex Offender" based solely upon the offense for

which he was convicted and without consideration for the risk he posed to the community or the likelihood of recidivism.  A Tier III offender is subject both to registration every ninety days for the rest of his life[1] and to community notification, regardless of his previous notification status. Further, he became subject under the AWA to expanded residency restrictions that prohibit him from residing within 1,000 feet of a school, preschool or day care facility.  The AWA provides prison terms of up to ten years for failing to register or to verify an address, and applies retroactively to all offenders required to register under Megan's Law as of July 1, 2007.

Plaintiff was arrested on November 3, 1984, after he accosted and raped a Kent State University student.  *See State v. Valentine*, No. 91-P-2403, 1992 WL 267394, at *1 (Ohio Ct. App., Sept. 30, 1992).  Employees of nearby establishments discovered the attack in progress and intervened to help the victim.  *Id.*  Plaintiff was apprehended at the scene.  *Id.*  He was convicted of rape in February 1985, and was sentenced to twenty-five years' incarceration.  He was paroled in January 2003, and was required to register with the county sheriff as a sexual offender under Megan's Law, which was in effect at the time.  He complied with the terms and conditions of his parole and, on February 17, 2005, was released from parole supervision.

In January 2006, Plaintiff signed a Notice of Registration Duties of Sexually Oriented Offender or Child-Victim Offender, in which he acknowledged that he had been labeled a "sexually oriented offender."  He was again notified that, as a "sexually oriented offender," he would be required annually to register his address, place of employment and school with the county sheriff for a period of ten years, and was further notified that failure to register would result in criminal prosecution.

---

[1] In addition to registration, an offender is now required to submit extensive information, including but not limited to his name, aliases, social security number, date of birth, name and address of employer and any school he is attending, as well as the license plate numbers of any vehicles he owns or drives regularly and copies of travel and immigration documents.

Plaintiff received a letter from the Ohio Attorney General's Office on November 26, 2007, informing him of the changes in the law as a result of the enactment of the AWA.  Because of his prior rape conviction, Plaintiff was classified as a Tier III offender under the new statute, and he was notified that, beginning January 1, 2008, he would be required to register personally with the local sheriff's office every 90 days for the rest of his life.  The letter stated that no hearing would be provided prior to the change in classification, but a challenge to the reclassification could be made within 60 days of the date of the notice by filing a petition in the Court of Common Pleas in his county of residence.  *See* O.R.C. § 2950.031(E).[2]  It is not clear from the face of the Complaint whether Plaintiff filed any such challenge.

Plaintiff then received a letter from the Summit County Sheriff's Office on January 4, 2008, informing him that he was required to register with the Sheriff's Office as a Tier III offender by January 11, 2008.  During the month of January, Plaintiff received a series of similar notices with deadlines for registering.  The fourth and final notice Plaintiff received was dated April 11, 2008, informing him that he had until July 1, 2008 to register.  The Complaint does not state whether Plaintiff complied with the final notice.

Plaintiff has responded to the reclassification and notice requirement by filing this civil rights action against Governor Ted Strickland, Mr. Steven Raubenolt, Sheriff Alexander, Mr. Gary Croft, and one hundred "unknown defendants and other persons."  The Complaint does not set forth specific claims or counts.  Instead, it sets forth a list of purported actions and alleged wrongs visited upon Plaintiff by each named Defendant in turn.  The Court has made an effort to understand Plaintiff's claims and to address them.

---

[2] This section provides that, in order to challenge reclassification, an offender must prove by clear and convincing evidence that the new registration requirements do not apply to him or her.

First, Plaintiff alleges that Governor Strickland violated the separation of powers provisions of the United States Constitution by signing the AWA; violated the Constitution's *ex post facto* prohibition; violated Plaintiff's unnamed "constitutional rights"; engaged in a civil conspiracy with the other named Defendants; and interfered with Plaintiff's final release from parole.  He alleges that Mr. Raubenolt improperly exercised jurisdiction over Plaintiff after his release from parole; engaged in fraudulent concealment of crucial portions of the AWA; violated the Constitution's ex post facto prohibition; denied Plaintiff's rights to equal protection and due process; interfered with Plaintiff's Fourth Amendment rights; tampered with Plaintiff's records; deprived Plaintiff of unnamed "constitutional rights"; engaged in a civil conspiracy with the other named Defendants; and was deliberately indifferent toward the concealment of exculpatory evidence.  Plaintiff alleges that Sheriff Alexander violated his civil rights by failing to properly train and supervise his officers; created additional penalties that were not required under the AWA; created customs and policies that violated Plaintiff's rights by using envelopes that list the "sexual offenders unit" in the return address; and violated his oath of office.  Finally, Plaintiff claims that Mr. Croft knew or should have known that Plaintiff would not have to register as a sexual offender for his 1985 conviction; abused his authority by making Plaintiff register as a sexual offender as a condition of his parole; and engaged in a civil conspiracy with the other named Defendants to violate Plaintiff's rights.

All Defendants are sued "in their Official capacity for declaratory judgment and injunctive relief, as well as, [sic] in their personal capacity for money damages."  (Compl. ¶ 5.) Plaintiff seeks injunctive relief to exempt him from the AWA, compensatory damages in the amount of two million dollars, punitive damages in the amount of eight million dollars, "arrearage" in the amount of $11,208,750.00, and attorneys' fees in the amount of $250,000.

4

## II.      Legal analysis

Pro se pleadings are generally liberally construed.  *Boag v. MacDougall*, 454 U.S. 364,
365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, the district
court is required to dismiss any claim under 28 U.S.C. § 1915(e) if it fails to state a basis upon
which relief can be granted, or if it lacks an arguable basis in law or fact.[3]  *Neitzke v. Williams*,
490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City
of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below and pursuant to
28 U.S.C. § 1915(e), Plaintiff's claims for damages against Defendants in their individual
capacities are dismissed. His claims for declaratory and injunctive relief against Governor
Strickland, Mr. Raubenolt, and Sheriff Alexander in their official capacities that pertain to
alleged violations of the separation of powers doctrine, civil conspiracy, violations of official
oaths of office, and denial of unnamed "constitutional rights" are also dismissed.

## A.      Individual capacity claims for damages

Plaintiff seeks damages against Defendants in their individual capacities.  "Personal-
capacity suits seek to impose personal liability upon a government official for actions he takes
under color of state law."  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  "[T]o establish
personal liability in a § 1983 action, it is enough to show that the official, acting under color of
state law, caused the deprivation of a federal right."  *Id.* at 166.  However, a plaintiff cannot
establish a defendant's liability absent a clear showing that the defendant was personally
involved in the activities that form the basis of the allegedly unconstitutional acts. *Mullins v.*

---

[3] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the
defendant, if the court explicitly states that it is invoking 28 U.S.C. § 1915(e) and is dismissing the claim for one of
the reasons set forth in the statute.  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v.
Walters*, 753 F.2d 498, 500 (6th Cir. 1985); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*,
779 F.2d 1177, 1179 (6th Cir. 1985).  Those reasons are that the action "(i) is frivolous or malicious; (ii) fails to
state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from
such relief."  28 U.S.C. § 1915(e)(2).

*Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir., Sept. 20, 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).

There are no facts in the Complaint that reasonably suggest that Defendants may be held liable to Plaintiff in their individual capacities. First, the Complaint states no factual allegations against Mr. Raubenolt.  Plaintiff's Exhibit A to the Complaint, the form letter sent by the Ohio Attorney General's Office to all sexual offenders informing them of the changes in classification and registration requirements under the AWA, bears Mr. Raubenolt's signature.  Based upon this signature, Plaintiffs seeks to hold Mr. Raubenolt individually liable for a series of alleged acts, as set forth above.  All of his claims are stated as legal conclusions.  Legal conclusions alone are not sufficient to present a valid claim, and this Court is not required to accept unwarranted factual inferences.  *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971) (conclusory § 1983 claim dismissed). Therefore, all claims against Mr. Raubenolt in his individual capacity are dismissed.

Sheriff Alexander is charged by law with the duty of maintaining the sexual offender registry for Summit County.  Plaintiff states, without any supporting factual allegations, that Sheriff Alexander failed to train and supervise the deputies in the registration unit and violated Plaintiff's constitutional rights by sending the AWA notices in envelopes with "Sexual Offender Unit" listed in the return address.  Without any explanation or support for these conclusory allegations, these claims against Sheriff Alexander in his individual capacity must be dismissed.

Furthermore, supervisory liability cannot be imposed upon Sheriff Alexander on a theory of *respondeat superior*.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  Liability can be imposed upon a supervisor on that theory only if the supervisor actively participates in the unconstitutional conduct, encourages or condones the specific incident of misconduct, or has a

policy of inadequately training subordinates whose actions then violate a plaintiff's federally protected rights.  *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989); *Barber v. Salem*, 953 F.2d 232, 236 (6th Cir. 1992).  Plaintiff fails to identify any federally protected right that he believes the deputies under the supervision of Sheriff Alexander violated, and further fails to allege any way in which Sheriff Alexander knew of or condoned actions that would have been violative of Plaintiff's rights.  Absent these allegations, Plaintiff's claims against Sheriff Alexander must fail.

The assertions against Mr. Croft must also be dismissed, as Plaintiff has failed to state a claim upon which relief may be granted.  Those assertions include abuse of authority in making Plaintiff register as a sexual offender as a condition of his parole when he knew or should have known that Plaintiff was subject to no such requirement, and a claim that he engaged in a civil conspiracy to deprive Plaintiff of his rights.  The Court notes that Plaintiff was paroled in January 2003, and was released from parole in February 2005.  Under Megan's law, which was in effect at the time, there was a registration requirement as a condition of his release.  There is no suggestion that the OAPA has had any dealings with Plaintiff since February 2005, or that it was involved in imposing the AWA requirements.

To the extent that Plaintiff is claiming that Mr. Croft erred in 2003 in requiring him to register under Megan's Law as a condition of release, such a claim is untimely.  It is apparent on the face of the complaint that the statute of limitations for bringing a § 1983 claim against Mr. Croft on the basis of Plaintiff's parole conditions expired before Plaintiff filed this action.  *LRL Props. v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1105 (6th Cir. 1995) (statute of limitations for actions arising in Ohio under § 1983 is two years).  This action was filed in April 2008, more than three years after Plaintiff was released from parole.  There would be no purpose in allowing this matter to go forward because it is clearly time-barred.  *See Fraley v. Ohio Gallia County*,

7

No. 97-3564, 1998 WL 789385, at *1 (6th Cir., Oct. 30, 1998) (affirming *sua sponte* dismissal of *pro se* § 1983 action filed after expiration of two-year statute of limitations).  Further, any claim Plaintiff may have attempted to make that Mr. Croft should have foreseen Ohio's adoption of the AWA in imposing parole conditions is without merit.  There is no legal claim associated with any such allegation, and none is apparent on the face of the Complaint.

Plaintiff then contends that Defendants conspired together to deprive him of his civil rights.  This claim is liberally construed as one arising under 42 U.S.C. § 1985, for which a plaintiff must allege that the defendants

> (1) conspired together, (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws, (3) and committed an act in furtherance of the conspiracy, (4) which caused injury to person or property, or a deprivation of any right or privilege of a citizen of the United States, and (5) and that the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus.

*Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971)).  Plaintiff has failed to allege any facts to support this allegation of a conspiracy or to cite any actions that Defendants took in furtherance thereof.  He also fails to allege that a conspiracy would have been motivated by his race or membership in a constitutionally protected class.

Finally, Plaintiff alleges that Defendants tampered with his records, violated their oaths of office, and violated his rights under the Fourth Amendment and other unnamed provisions of the Constitution.  He fails to include any facts to support these legal conclusions, which are not sufficient to present a valid claim.  *Morgan*, 829 F.2d at 12; *see also Place*, 446 F.2d at 1244.

All claims against Defendants in their individual capacities for money damages are dismissed.  Plaintiff has failed to set forth sufficient facts to support any such claims, and has largely made conclusory assertions that are insufficient to make out his claims.

8

**B.**     **Official capacity claims for declaratory judgment or injunctive relief**

Plaintiff asserts a number of claims against Defendants in their official capacities for which he is pursuing declaratory and injunctive relief.  Among those claims, his claims for violations of the separation of powers doctrine, civil conspiracy, violation of official oaths of office, and denial of unspecified constitutional rights are without merit.  His claims for violations of the *ex post facto* doctrine, his due process rights, and his right to equal protection are sufficiently presented to state a plausible claim upon which relief could be granted, and those claims remain a part of this action.  Plaintiff also asserts a number of claims that pertain to the government's authority to impose additional registration requirements upon him after his release from parole, which shall be considered as part of his *ex post facto* and due process claims.

**1.**     **Separation of powers**

Plaintiff asserts that the AWA violates the doctrine of the separation of powers, presumably between the judicial and executive branches in the State of Ohio.  The doctrine of the separation of powers embodied in the United States Constitution requires a division of authority between the federal judiciary and the United States Congress.  *See Whalen v. United States*, 445 U.S. 684, 689 n.4 (1980).  Any issue of the separation of powers among the branches of the state government is a matter of state law, and is not a violation of the federal constitution.  *See Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000).  Plaintiff's claim is dismissed.

**2.**     **Civil conspiracy**

The requirements under *Bass* for demonstrating a civil conspiracy have been set forth in the discussion of Plaintiff's individual capacity claims against Defendants.  *See Bass*, 167 F.3d at 1050.  As with the individual capacity conspiracy claims, aside from conclusory statements that Defendants participated in a conspiracy against him, Plaintiff alleges no facts to suggest that

Defendants committed specific acts in furtherance of a conspiracy or that any actions were motivated by Plaintiff's race or membership in a protected class.  These claims are dismissed.

**3.      Violation of oath of office and unspecified constitutional rights**

Finally, Plaintiff attempts to raise claims that Defendants violated their oaths of office and denied him "constitutional rights," but he does not specify what those rights are.  Principles requiring generous construction of *pro se* pleadings are not without limits.  *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).  District courts are not required to "conjure up questions never squarely presented to them" or to "construct full-blown claims from sentence fragments[.]"  *Beaudett*, 775 F.2d at 1278.  To attempt to do so would require the courts "to explore exhaustively all potential claims of a *pro se* plaintiff" and would "transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Id.* at 1278.  Moreover, Plaintiff's failure to identify a particular legal theory for these claims in his Complaint places an unfair burden on Defendants to speculate on the potential claims that Plaintiff might be raising against them and the defenses they might assert in response to each of these possible causes of action.  *See Wells*, 891 F.2d at 594.  Even when liberally construed, Plaintiff's assertions do not sufficiently state any federal constitutional claims that Plaintiff can pursue in a § 1983 action.

**III.     Conclusion**

Plaintiff's Application to proceed *in forma pauperis* is granted.  Plaintiff's claims for damages against Defendants in their individual capacities are dismissed pursuant to 28 U.S.C. § 1915(e). His claims for declaratory or injunctive relief against Governor Strickland, Mr. Raubenolt and Sheriff Alexander in their official capacities that pertain to alleged violations of the separation of powers doctrine, civil conspiracy, violations of their oaths of office, and denials of Plaintiff's "constitutional rights" are dismissed.  Plaintiff has not asserted a viable claim against Mr. Croft in his official or individual capacity, and he is hereby dismissed as a party.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]  This case shall proceed solely on Plaintiff's claims for injunctive relief against Governor Strickland, Mr. Raubenolt, and Sheriff Alexander in their official capacities for alleged violations of the ex post facto doctrine, denial of due process and denial of equal protection.  The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this Order in the documents to be served upon Defendants.

IT IS SO ORDERED.

DATED:  September 5, 2008                    */s/ John R. Adams*_____
                                                          Judge John R. Adams
                                                          UNITED STATES DISTRICT COURT

---

[4] 28 U.S.C. § 1915(a)(3) provides as follows:  "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."

11