UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM VALENTINE, III, | ) | CASE NO. 5:08CV993 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| TED STRICKLAND, et al., | ) | **ORDER** |
| | ) | [Resolving Doc. 36] |
| Defendants. | ) | |
| | ) | |
| | ) | |

This matter appears before the Court on a motion for relief under Fed.R. Civ.P. 60(b) filed by Plaintiff, William Valentine, III. The Court has been advised, having reviewed the motion, pleadings, and applicable law. Upon consideration, the motion is DENIED.

**I.    Facts**

On August 19, 2009, this Court granted Defendants' motion for summary judgment. In so doing, the Court entered judgment against Plaintiff.

On August 19, 2010, Plaintiff moved for relief from the judgment under Fed.R. Civ.P. 60. Defendants responded on September 2, 2010. The Court now resolves the motion.

**II.    Legal Standard**

Under Rule 60(b), Plaintiff's motion may be granted only for certain specified reasons:

> mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); 3) fraud, misrepresentation, or other misconduct of an adverse party; 4) the judgment is void; 5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been

>reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or 6) any other reason justifying relief from the operation of the judgment.

*Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998) (quoting Fed.R. Civ.P. 60(b)).

This Court also considers three factors when determining whether judgment should be vacated: (1) whether the party seeking relief is culpable; (2) whether the party opposing relief will be prejudiced; and (3) whether the party seeking relief has a meritorious claim or defense. *United Coin Meter, Inc. v. Seaboard Coastline RR*, 705 F.2d 839, 845 (6th Cir. 1983).

### III.    Legal Analysis

Initially, Plaintiff contends that "through inadvertence, mistake or neglect this Court did not sent [sic] this pro se plaintiff a copy of it [sic] Memorandum Opinion and Order granting Summary Judgment to the defendants on all claims."  Plaintiff further contends that although the order was entered on August 19, 2009, he did not discover this fact until June 21, 2010, thus he requests relief pursuant to Rule 60(b)(1).  This argument is without merit.

As Defendants note, the electronic service notice on the August 19, 2009 judgment indicates that Plaintiff was served with copies of the Memorandum Opinion and Order granting Defendants' motion for summary judgment and the Judgment Entry at his current address. Plaintiff has not pointed to anything to rebut this entry.  Notably, the address listed on the electronic service notice matches the address Plaintiff used on the present motion and is the address he used when filing the complaint and responding to Defendants' filings.  Plaintiff has failed to show that due to mistake, inadvertence, surprise, or excusable neglect that he was unaware of the Court's final judgment.

Plaintiff next points to the Ohio Supreme Court's recent decision in *State v. Bodyke,* 126 Ohio St.3d 266 (2010) as newly discovered evidence pursuant to Rule 60(b)(2).  This argument is similarly without merit.  First, a decision by the Ohio Supreme Court is not evidence that would permit relief pursuant to Rule 60(b)(2).  Rather, this case presents a new *legal* argument that was not fully presented during the pendency of the case.  Second, this Circuit has recognized and followed "the well-conceived rule that newly discovered evidence for motions under … Rule 60(b)(2) must pertain to evidence which existed at the time of trial."  *Davis v. Jellico Community Hosp. Inc*, 912 F.2d 129, 136 (6th Cir. 1990) (citing *Boyd v. Bulala*, 905 F.2d 764 (4th Cir. 1990)).  As the *Bodyke* decision was issued on June 3, 2010, nearly seven months after the Court's judgment in favor of the Defendants, it falls outside the scope of Rule 60(b)(2).  Therefore, Plaintiff has failed to point to any evidence within the meaning of Rule 60(b)(2) that would support his motion for relief from judgment.

Defendants also argue that the instant facts are distinguishable from those in *Bodyke*.  The Court, however, has determined that Plaintiff's reliance upon this case as newly discovered evidence pursuant to Rule 609(b)(2) is misplaced, and therefore concludes that there is no need to determine the merits of this contention.

Plaintiff has failed to establish that he is entitled to relief from judgment pursuant to Rule 60(b)(1) or (2).  His motion, therefore, is DENIED.

IT IS SO ORDERED.

DATED:  November 15, 2010          */s/ John R. Adams*
                                    Judge John R. Adams
                                    UNITED STATES DISTRICT COURT